IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

The Estate of
KENDRA SARIE JAMES,

      Plaintiff,

  vs.

SCOTT MCCOLLISTER,

      Defendant.

Civil No. 03-1371-AA

O R D E R

AIKEN, Judge:

The parties presented this matter to a jury in a trial lasting seven days. The jury deliberated and returned a verdict for the defendant. The parties agreed to allow the jurors access to the car at issue, including climbing in and sitting in the car; and to a "view" of the scene, staged as it occurred on the night at issue.

Plaintiff now moves for a new trial arguing that the "governmental interest advanced by the defendant at trial simply does not justify the extreme level of force used." Plaintiff's Memo in Support, p. 2. Plaintiff's motion is denied.

The legal standards that govern a motion for new trial are significant. The parties agree that this motion can only be granted if the verdict "is against the great weight of evidence

1 - ORDER

or it is quite clear that the jury has reached a seriously erroneous result." Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1229 (9th Cir.)(internal quotation omitted), cert. denied, 534 U.S. 1055 (2001). Importantly, the trial court, "is not justified in granting a new trial merely because it might have come to a different result from that reached by the jury." Roy v. Volkswagen of America, Inc., 896 F.2d 1174, 1176 (9th Cir. 1990)(internal quotation omitted). Moreover, "it is not the courts' place to substitute our evaluations for those of the jurors." Union Oil Co. Of Cal. V. Terrible Herbst, Inc., 331 F.3d 735, 744 (9th Cir. 2003), cert. denied, 540 U.S. 1107 (2004). Finally, "a district court may not grant or deny a new trial merely because it would have arrived at a different verdict." United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir.), cert. denied, 528 U.S. 1047 (1999).

Plaintiff argues that a jury, after listening to defendant McCollister's testimony and the testimony of the other witnesses, could not have concluded that a police officer in defendant McCollister's position could have objectively concluded he was at risk of serious bodily harm or death at the moment defendant McCollister decided to shoot the plaintiff because McCollister was not in front of the car or underneath it. The jury both saw and heard McCollister describe the danger he was in of being 'pulled under and dragged by the accelerating car.' The jury had an opportunity to view the car and put themselves in the positions of both plaintiff and defendant in and around the car. There was conflicting evidence surrounding the speed of the car when McCollister fired his weapon.

1    Regarding plaintiff's contention that the court's use of
2    force jury instructions improperly asked the jury to apply a
3    subjective (versus an objective) standard, that contention is
4    without merit.  See Jury Instruction, p. 7.  The jury was
5    repeatedly instructed that McCollister must have a "reasonable
6    belief" that deadly force was necessary, which "is measured by
7    the force a reasonable and prudent law enforcement officer would
8    have under the circumstances" and which "must be judged
9    objectively from the information available at the time from the
10   perspective of a reasonable officer on the scene."  Id.

    I find that plaintiff has failed to meet the standards
necessary to grant a new trial.  The verdict was not contrary to
the great weight of eyewitness testimony, the expert testimony,
or the forensic evidence.  Nor has the plaintiff demonstrated
that the jury reached a seriously erroneous result.

## CONCLUSION

Given the legal standards quoted above, I find that the
verdict was not contrary to the great weight of evidence or
seriously erroneous. Plaintiff's motion for new trial (doc. 194)
is denied.

IT IS SO ORDERED.

    Dated this  23  day of September 2005.




                                    /s/ Ann Aiken
                                    Ann Aiken
                            United States District Judge


3 - ORDER